## In re PLIMPTON.

### (District Court, D. Vermont. May 31, 1900.)

BANKRUPTCY—DISCHARGE—REQUIRING PAYMENT ON FEE.

 Where a bankrupt files an affidavit of inability with his petition, a referee has no authority, under Bankr. Act 1898, to require him to pay the statutory fee, as a condition to the granting of a discharge; such power being given to the court alone by rule 35, subd. 4, General Orders (89 Fed. xiii., 32 C. C. A. xxxiv.), to be exercised on proof of ability only.

In Bankruptcy. On application for discharge.

Waterman & Martin, for bankrupt.

WHEELER, District Judge. The bankrupt filed an affidavit of inability with his petition, and did not deposit the statutory fees. The referee reports, upon the application of the bankrupt for a discharge, that no creditor appeared in opposition thereto; that he has notified the bankrupt to deposit the statutory fee, which the bankrupt has refused to do, except as to the actual filing fees of the clerk; and that he has ruled "that, before the bankrupt is entitled to his discharge, he must pay said $25." The rules of this court authorize the clerk, when an affidavit of inability is presented, instead of a deposit of the statutory fees, to require payment in advance of the ordinary fees for his services in filing and entering papers and proceedings, not exceeding $10 in the whole. Rule 10 of the general orders in bankruptcy (89 Fed. vi., 32 C. C. A. xiii.), authorizes the clerks and referees to require indemnity for expense before incurring it from the bankrupt or other person in whose behalf the duty is to be performed. And rule 35, subd. 4, provides, as to the statutory fees, that the judge "may, after notice to the bankrupt, and satisfactory proof that he then has or can obtain the money with which to pay those fees, order him to pay them within a time specified, and, if he fails to do so, may order his petition to be dismissed." 89 Fed. xiii., 32 C. C. A. xxxiv. There is no law or rule authorizing a referee to make such order. Of course, failure to comply with such an order made by a referee would not affect the right to a discharge, or other proceedings. The referee could apply for such an order, in his own behalf, and would have opportunity of ascertaining any probable ground for it from examination of the bankrupt. On this review the bankrupt has shown, by receipt from the referee, that

he has paid referee's expenses to the amount of $32.95, of which $14.70 relate to the settlement of the trustee's account, which are not chargeable to the bankrupt, some of which need, and none of which have had, allowance by special order of the judge. After the first meeting of creditors the proceedings relating to the assets are for their benefit, and those relating to his discharge are for his. Under these circumstances, as the bankrupt has paid to the referee more than $10 for which he was not liable, the proceedings should not be retained, as they, under proper circumstances, might be, to afford opportunity now for application to the judge for such an order. As no specification of grounds of opposition to the discharge has been filed, or appearance entered entitling any one to file any, or to apply now for leave to file any under the rules, there is no occasion for requiring further report. Discharge granted.